UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNETTE COVINGTON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-1588 SNLJ |
| | ) |
| JANSSEN PHARMACEUTICALS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case comes before the Court on defendants' motion to dismiss the claims of the out-of-state plaintiffs for lack of personal jurisdiction (#4), the plaintiffs' motion to remand (#14), and the plaintiffs' motion to stay any proceedings in conjunction with the defendants' motion to dismiss pending resolution of the plaintiffs' motion to remand (#16). The plaintiffs' motions are fully briefed by the parties. However, the plaintiffs chose not to respond to the defendants' motion to dismiss, instead choosing to file their motion to stay proceedings. Regardless, the motions are ripe for disposition.

**I.  Background**

This action, filed on March 8, 2017 by 54 plaintiffs from 26 states, was originally filed in Missouri state court. The plaintiffs allege that they, or the children or incapacitated persons whom they represent as next friends, were injured from the use of a prescription drug researched, designed, developed, tested, labeled, packaged, distributed, marketed and sold by the defendants called Risperdal and/or Invega. Only one plaintiff

alleges that the child or incapacitated person whom she represents as next friend, ingested, and/or was harmed by one of the medicines in the state of Missouri. The Non-Missouri plaintiffs, or those who do not have any connection to the state of Missouri, do not allege that they were prescribed Risperdal or any of its variants in Missouri, ingested the same in Missouri, or were injured in Missouri. Even so, the plaintiffs contend that they are properly joined because all of the plaintiffs' claims "arise out of the same series of transactions and occurrences, and their claims involve common questions of law and fact."

The defendants removed the action on May 31, 2017, contending that this Court has proper diversity jurisdiction under 28 U.S.C. § 1332(a). However, on the face of the complaint, diversity jurisdiction does not exist because the parties are not completely diverse. At least one plaintiff shares citizenship with at least one defendant. Because of this, the defendants contemporaneously moved to dismiss the claims of all out-of-state plaintiffs for the alleged lack of personal jurisdiction over their claims. If granted, complete diversity would exist and this court would have proper jurisdiction – both personal and subject matter – over this action.

Instead of responding to the defendants' motion to dismiss, the plaintiffs moved to stay proceedings relating to that motion and moved the Court to remand the action to state court. In the event that plaintiffs' motion to stay is not granted, the plaintiffs move the Court to grant limited jurisdictional discovery. In their motion to remand, the plaintiffs claim that this Court lacks diversity jurisdiction and therefore lacks subject matter jurisdiction. They maintain that this Court should exercise its discretion to address

their subject matter jurisdiction challenge before addressing the defendants' challenge of personal jurisdiction over the non-Missouri plaintiffs. The plaintiffs cite many cases from this district that remanded similar actions by choosing to address subject matter jurisdiction before personal jurisdiction. But these cases were decided before *Bristol-Myers Squibb v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017).

## II. Discussion

### A. Jurisdictional Discretion

As both parties agree, there is "no unyielding jurisdictional hierarchy" and it is within the Court's discretion whether to address subject matter jurisdiction or personal jurisdiction first. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). In exercising discretion to determine which issue to consider first, "courts should consider the interests of judicial economy, weigh the preclusionary effect on ruling on that issue that could travel back and bind the state court, and decide the more straightforward issue first." *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1942 (CDP), 2017 WL 2778107, at *2 (E.D. Mo. June 27, 2017) (*citing Ruhrgas*, 526 U.S. at 585-86). Where the parties disagree, however, is which analysis – subject matter jurisdiction or personal jurisdiction – presents the more straightforward issue that should be addressed first.

Historically – and especially in this district – courts generally have addressed subject matter jurisdiction first because in most instances it "involve[d] no arduous inquiry." *Ruhrgas*, 526 U.S. at 587. *See Siegfried*, 2017 WL 2778107, at *2 n.2. In fact, the *Ruhrgas* Court plainly held that "we recognize that in most instances subject-matter

3

jurisdiction will involve no arduous inquiry" and "[is] often . . . the most efficient way of going." *Ruhrgas*, 526 U.S. at 587 (internal quotation omitted).  However, the Court also held that when "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.* at 588.

The plaintiffs claim that the personal jurisdiction analysis is much more complex and fact dependent than the subject matter jurisdiction analysis because the subject matter jurisdiction analysis in this case is well established and easily resolved.  In support, the plaintiffs contend that the defendants' "sole basis for removal rests on a theory that has been repeatedly rejected by the Judges in this District, i.e., fraudulent joinder based upon an alleged lack of personal jurisdiction."  Indeed, courts in this district addressing fraudulent joinder "have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward legal issue of subject-matter jurisdiction." *Dorman v. Bayer Corp.*, No. 4:16-CV-601 (HEA), 2016 WL 7033765, at *1 (E.D. Mo. Dec. 2, 2016).[1]

However, these cases were decided before *Bristol-Myers Squibb v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017) and *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017) (en banc).  These decisions "make the personal jurisdiction issue in this case

---

[1] It should be noted that many of the supporting cases referenced by the plaintiffs cite whether other cases within the district had already ruled on a specific issue or specific facts. *See*, *e.g.*, *Dorman*, 2016 WL, at *1-2; *Robinson v. Pfizer, Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. April 29, 2016); *Joseph v. Combe Inc.*, No. 4:16-CV-284 (RLW), 2016 WL 3339387, at *1-2 (E.D. Mo. June 13, 2016).

4

much easier to decide." *Siegfried*, 2017 WL 2778107, at *2.  As noted by Judge Perry in *Siegfried*, "[r]emanding this case for lack of complete diversity, only to have the case removed again later once the non-Missouri plaintiffs are dismissed, would be a waste of judicial resources." *Id.*  Further, analyzing the challenge to personal jurisdiction first avoids any issues relating to fraudulent joinder.  *Id.*  "Personal jurisdiction is now the more straightforward inquiry" and should be addressed first as it "is in the interests of judicial economy and expeditiousness." *Id.* at *3 (internal citations omitted).  *See also Turner v. Boehringer Ingelheim Pharm., Inc.*, No. 4:17-CV-1525 (AGF), 2017 WL 3310696, at *2 (E.D. Mo. Aug. 3, 2017); *Jordan v. Bayer Corp.*, No. 4:17-CV-865 (CEJ), 2017 WL 3006993, at *2 (E.D. Mo. July 14, 2017).

Because this Court finds that addressing defendants' challenge to personal jurisdiction presents the more straightforward inquiry under recent court decisions, the Court will exercise its discretion to address that issue before addressing any challenge to subject matter jurisdiction.

### B.  Motion to Stay

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In evaluating a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Id.* at 255.  The movant must "make out a clear case of hardship or inequity." *Id.*  "Factors relevant to a district court's determination of whether to stay proceedings include maintaining control of its docket, conserving judicial

5

resources, and providing for the just determination of cases pending before it." *Burford v. Monsanto Co.*, 4:16-CV-536 (PLC), 2016 WL 2878469, at *3 (E.D. Mo. July 18, 2016) (*citing Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986)).

The plaintiffs move to stay all proceedings in conjunction with the defendants' motion to dismiss pending resolution of plaintiffs' motion to remand.[2] In support, plaintiffs contend that the plaintiffs would suffer hardship in that they would be required to expend substantial time and resources to conduct jurisdictional discovery and respond to defendants' motion to dismiss, which would be rendered moot if this Court remanded the case. Further, plaintiffs, as noted above, contend that defendants' removal was improper.

The Court holds that the plaintiffs have failed to adequately explain why disposition of defendants' motion to dismiss should be delayed while plaintiffs' motion to remand should be resolved – especially in light of two major holdings that undoubtedly impact this case. The plaintiffs' choice to not respond to the defendants' motion to dismiss and instead to file this motion to stay only extends the disposition of this case, requiring more time and more judicial resources. Additionally, the plaintiffs fail to show a clear case of hardship or inequity. Their argument – that a stay should be granted to delay disposition of the defendants' motion to dismiss because a grant of the plaintiffs' motion to remand would render the motion to dismiss as moot – is unreasonable. It is true that a grant of the defendants' motion to remand would render the motion to dismiss

---

[2] Plaintiffs alternative argument within their motion to stay is to allow the plaintiffs to conduct jurisdictional discovery. That argument is discussed below.

as moot.  It is also true that a grant of the defendants' motion to dismiss would render plaintiffs' motion to remand as moot.  A motion to stay should not be abused by a party to dictate which motion is first addressed by the Court.  Further, the filing of a motion to stay does not act as a means to extend deadlines to outstanding motions – such as defendants' motion to dismiss in this case.  The plaintiffs' motion to stay is denied.  The Court, exercising its discretion, will now turn to defendants' motion to dismiss.

### C.  Rule 12(b)(2) Motion to Dismiss

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation marks and citations omitted).  "Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Id.*  "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.*  The evidence must be viewed in the light most favorable to the plaintiffs and the Court must resolve all factual conflicts in favor of the plaintiffs. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

### D.  Personal Jurisdiction

"Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks and citation omitted).  "Personal jurisdiction can be

specific or general." *Id.* at 593. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id.* (internal quotation marks and citations omitted). A corporation is subject to general jurisdiction in forums where incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Here, no defendant is incorporated in Missouri nor has its principal place of business in Missouri. Missouri does not have general personal jurisdiction over the defendants in this case.

Specific jurisdiction involves suits "arising out of or related to the defendant's contacts with the forum." *Daimler*, 134 S. Ct. at 751. "Specific jurisdiction is warranted when the defendant purposefully directs its activities at the forum state and the litigation results from injuries . . . relating [to the defendant's] activities [in the forum state.]" *Myers v. Casino Queen, Inc.,* 689 F.3d 904, 912–13 (internal quotation marks and citations omitted). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Id.* The requirements of Missouri's long-arm statute and the Due Process Clause present two, independent inquiries that must be addressed separately, and failure to satisfy either precludes the exercise of specific personal jurisdiction. *Myers v. Casino Queen, Inc.,* 689 F.3d 904, 909–10 (8th Cir. 2012).

It is not necessary to consider the application of Missouri's long-arm statute in this case because the exercise of personal jurisdiction is not permitted by the Due Process Clause. To satisfy due process, a defendant must have sufficient minimum contacts with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). "The substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Myers,* 689 F.3d at 911 (internal quotation marks and citations omitted).

In this case, plaintiffs contend that the Missouri state court, and therefore this Court sitting in diversity jurisdiction, has specific personal jurisdiction over all of the plaintiffs' claims. Plaintiffs argue that the defendants' conduct gave rise to this action and the defendants' contacts with Missouri constitute part of the same series of transactions for all of the plaintiffs. In particular, plaintiffs allege that the defendants' contacts to the state of Missouri include research, development, testing, manufacturing, production, promotion, distribution, marketing, and selling of Risperdal in the state of Missouri. The defendants do not dispute that this Court has proper personal jurisdiction over the plaintiff who alleges she were injured in the state of Missouri. However, the defendants do dispute that this Court has personal jurisdiction over all of the other plaintiffs who do not allege any contact or connection to this forum. As noted, besides the Missouri plaintiff, no other plaintiff allege that they, or a child or incapacitated person whom they represent as next friend, were prescribed or purchased Risperdal in this state,

suffered an injury from Risperdal in this state, or received treatment for an injury from Risperdal in this state.

Having found that this court lacks general personal jurisdiction over the defendants, for the reasons more fully espoused by Judge Perry in *Siegfried*, this Court also lacks specific personal jurisdiction over the defendants. *See Siegfried*, 2017 WL 2778107 at \*4-5. In *Bristol-Myers Squibb*, a case factually similar to this case, the United States' Supreme Court held that the state of California did not have specific jurisdiction over non-resident pharmaceutical companies for plaintiffs' claims against them that did not arise out of or relate to the companies' contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780-1783. The Court clarified the status of specific jurisdiction, holding:

> Our settled principles regarding specific jurisdiction control this case. In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear,* 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. See *id.,* at 931, n. 6, 131 S.Ct. 2846 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

*Id.* at 1781. Finally, the Court held that the "mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.*

10

In this case, 53 of the 54 total plaintiffs failed to allege that they ingested the drug in the state of Missouri or suffered from resulting injuries in Missouri. Instead, those 53 plaintiffs allege only that the defendants transacted business and committed torts in the State of Missouri. But those plaintiffs were not injured from the defendants' contacts with the state of Missouri. Because the 53 plaintiffs' claims do not arise out of the defendants' contacts with the state of Missouri, this Court lacks specific personal jurisdiction over their claims.

In the event that their motion to stay would be denied, and to survive defendants' motion to dismiss, the plaintiffs alternatively sought to conduct jurisdictional discovery to support their contention that Missouri courts can properly exercise personal jurisdiction as to all of the plaintiffs' claims. In a footnote in their motion to stay, the plaintiffs contend that jurisdictional discovery might provide the plaintiffs with evidence that include "Defendants spearheading their nationwide promotional activities in the State of Missouri, conducting numerous studies in the State of Missouri, and conducting market research in the state of Missouri."

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiffs "must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *Dever,* 380 F.3d at 1072. "Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Id.* Here, the plaintiffs do not plead any specific facts that support their contention that this Court has personal jurisdiction over all of the plaintiffs' claims. Alleging that facts *might be*

11

discovered during a jurisdictional discovery expedition will not allow plaintiffs to survive a 12(b)(2) motion to dismiss. As such, 53 of the 54 plaintiffs in this action are hereby dismissed. The Court has proper personal and subject matter jurisdiction remaining over the remaining plaintiff.

### E. 12(b)(6) Motion to Dismiss

Finally, defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted or, in the alternative, a more definite statement addressing the facts that give rise to the plaintiff's claims. The plaintiff contends that the complaint complies with federal pleading standards and defendants' motion should be denied.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (*quoting Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*quoting Twombly*, 550 U.S. at 556)).

Here, the plaintiff alleges that the plaintiff took Risperdal pursuant to a doctor's prescription on or about September 1, 2002. Plaintiff alleges that in or about 2004, plaintiff suffered an injury in the form of gynecomastia and/or abnormal breast growth. Plaintiff further alleges that plaintiff's specific injuries were caused by the unreasonably dangerous and defective nature of the prescription drug and defendants' tortious conduct relating to, *inter alia*, its development, production, and sale. The Court holds that defendants' 12(b)(6) motion is denied because plaintiff's pleading complies with the Federal Rules of Civil Procedure.

### III. Conclusion

The plaintiffs filed their complaint on March 8, 2017 – a time when courts in this district generally chose to address challenges to subject matter jurisdiction before addressing challenges to personal jurisdiction. The 53 plaintiffs that alleged no connection between the state of Missouri and the underlying controversy joined with 1 who did – as many groups of plaintiffs did in this district – against the defendant corporations that were not subject to general personal jurisdiction in this forum. Unfortunately for the plaintiffs, *Bristol-Myers Squibb*, under the facts of this case, made personal jurisdiction the more straightforward issue and therefore more proper to be analyzed first. Further, *Bristol-Myers Squibb* held that forums, like Missouri in this action, do not have specific personal jurisdiction over non-resident corporations when the plaintiffs do not allege any specific connection between the forum and the specific claims at issue.

Neither this Court nor the state court in which this action was removed can exercise personal jurisdiction – whether general or specific – over the defendants for the claims brought by the 53 non-Missouri plaintiffs.  In the light most favorable to them, the 53 plaintiffs do not state sufficient facts in their complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.  Therefore, defendants' 12(b)(2) motion to dismiss (#4) is granted.  Plaintiffs' motion to remand (#14) is denied because the Court has proper subject matter jurisdiction in this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction (#4) is **GRANTED**. The claims of all plaintiffs other than Annette Covington are dismissed without prejudice for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for failure to state a claim upon which relief can be granted (#4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand (#14) is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiffs' motion to stay or motion for leave to conduct jurisdictional discovery (#16) is **DENIED**.

So ordered this 10th day of August, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE